NO. 07-04-0055-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 18, 2004


______________________________



WILLIAM JAMES PEDDICORD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 48220-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant William James Peddicord appeals his conviction for possession of a
controlled substanced, enhanced. Pursuant to a plea of guilty, but without benefit of an
agreed recommendation from the State as to punishment, the trial court found that the
evidence substantiated a finding of guilty and assessed punishment at 45 years in prison. 
Appellant appealed.

 Appellant's appointed counsel filed a motion to withdraw, together with an Anders (1)
brief wherein she certified that, after diligently searching the record, she concluded that the
appeal was without merit. Along with her brief, appellate counsel attached a copy of a
letter sent to appellant informing him of counsel's belief that there was no reversible error
and of appellant's right to file a response or brief pro se. By letter dated June 29, 2004,
this court also notified appellant of his right to tender his own brief or response and set July
26, 2004, as the deadline to do so. On July 21, appellant filed a motion to extend the time
to file a brief, which motion was granted and the deadline extended to August 25, 2004. 
This court also abated the appeal to obtain a completed certification of appellant's right to
appeal. That certification has been received, and the appeal has been reinstated. To
date, appellant has filed neither a response, brief, or another request for an extension. (2)

 In compliance with the principles enunciated in Anders, appellate counsel discussed
five potential areas for appeal. They involved 1) the voluntariness of appellant's plea, 2)
whether appellant received a separate punishment hearing, 3) whether appellant was
informed of the correct range of punishment, 4) the court's jurisdiction, and 5) whether
appellant's prior juvenile adjudication was properly alleged in the indictment as an
enhancement. However, appellate counsel then satisfactorily explained why each
argument lacked merit.

 We have conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant
to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review has failed
to reveal any error.

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

 

 Brian Quinn 

 Justice

Do not publish.
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Appellant did send the court a letter, received on September 29, 2004, in which he stated that he had
written his lawyer to tell her he need "a time extention [sic]." He also stated he has sent in a "time reduction"
to several persons and wants to continue to try to get his time reduced. Because an extension was previously
granted him, because he does not explain why another is needed, and because he fails to specify the length
of the extension sought, we overrule his request for a further delay. 



me="caption"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0449-CV

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                             JANUARY
3, 2011

                                            ______________________________

 

                                   In
the Interest of T.L.C.G. and T.M.C.G., Children

______________________________

 

                        FROM
THE 320th DISTRICT COURT OF POTTER COUNTY;

 

                                NO.
49,888-D; HON. DON EMERSON, PRESIDING

                                            ______________________________

 

                                                      MEMORANDUM
OPINION

                                            ______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.








Tony Wayne Gindratt
perfected this appeal on October 28, 2010. 
The appellate record was due on or about November 29, 2010.  The court reporter has filed a motion to
extend the time to file the record because appellant apparently failed to pay
or make arrangements to pay for it, as required by Texas Rule of Appellate
Procedure 35.3(b)(3).  By letter dated
December 14, 2010, we directed appellant to certify to this court, by December
28, 2010, that he had complied with rule of procedure 35.3(a)(1)(2)
and 35.3(b)(3).  So too was he informed
that failure to meet that deadline would result in the dismissal of his
appeal.  To date, this court has not
received either the clerk=s record, the reporter=s record, or notification that the
records have been paid for or that arrangements have been made for
payment.  Nor has this court received any
request to postpone the dismissal date. 
Consequently, we dismiss the appeal for want of prosecution.  

 

Per Curiam